```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT MILLER,                   :    CIVIL ACTION
                                 :
          Plaintiff              :    NO. 05-3081
                                 :
     v.                          :
                                 :
JO ANNE B. BARNHART,             :
Commissioner of Social           :
Security,                        :
                                 :
          Defendant              :
```

**O R D E R**

**AND NOW**, this **31st** day of **May, 2006,** upon consideration of the cross-motions for summary judgment filed by the parties (doc. nos. 8 & 10), the Report & Recommendation filed by Magistrate Judge Ronald C. Rapoport (doc. no. 13), Plaintiff's Objections to the Report & Recommendation (doc. no. 14), and Defendant's Response thereto (doc. no. 15), it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**.

2. Plaintiff's Objections to the Report & Recommendation are **OVERRULED**.[1]

---

[1] In a thorough and well-reasoned Report & Recommendation, Magistrate Judge Rapoport concluded that substantial evidence existed on the record to support the opinion of the ALJ, which denied Plaintiff's claim for disability benefits. Plaintiff objects to two portions of the Report & Recommendation. Plaintiff, however, merely repeats the arguments made in his motion for summary judgment (in fact, it was cut-and-pasted, word-for-word into the instant Objections).

First, Plaintiff argues that the ALJ committed reversible error by not consulting a medical expert at the hearing to determine whether Plaintiff's combination of impairments met or equaled any of the impairments listed in

---

Appendix 1, Part 404, Subpart P, Regulations No. 4.  Second, Plaintiff argues that Magistrate Judge Rapoport erred in his finding that substantial evidence supported the ALJ's finding that Plaintiff retains the residual functional capacity to return to his past relevant work as an office manager.  In particular, plaintiff believes that the ALJ failed to consider the impact of intermittent fatigue on his ability to perform.

Having carefully reviewed the Report and Recommendation, the Court concurs with the findings and reasoning of the Magistrate Judge.  Because Plaintiff's Objections to the Report and Recommendation are an exact duplicate of the arguments made in his motion for summary judgment, the Court need not repeat Magistrate Judge Rapoport's diligent efforts.  Thus, only a very brief discussion is necessary.

As to plaintiff's first objection, Plaintiff relies on Social Security Ruling 96-6p and several district court decision for support that the ALJ committed reversible error failing to consult a medical expert as to the equivalency determination, Watson v. Massanari, No. 00-3621, 2001 WL 1160036 (E.D. Pa. Sept. 6, 2001), Maniaci v. Apfel, 27 F. Supp. 2d 554 (W.D. Pa. 1998), Todd v. Apfel, 8 F. Supp. 2d 747 (W.D. Tenn. 1998).  The Court has reviewed these authorities.  Contrary to plaintiff's assertions, not one of them concluded that following the Social Security Administration's testing modifications which created the single decisionmaker model of disability determinations, an ALJ is obligated call a medical expert at a hearing to determine equivalence.

Rather, following the testing modifications, the law in this district is that it is within the ALJ's discretion to determine whether to call a medical expert to testify at an administrative hearing.  See Norman v. Barnhart, No. 04-4969, 2006 WL 891066, at *1 (E.D. Pa. Apr. 3, 2006); Oakes v. Barnhart, 400 F. Supp. 2d 766, 775-77 (E.D. Pa. 2005) (discussing impact of testing modifications on long-standing policy requiring medical expert opinion on equivalence); Woods v. Barnart, No. 05-0042, 2005 WL 1923554, at *2 (E.D. Pa. Aug. 8, 2005).  An ALJ need only call a medical expert to an equivalence determination when "appropriate."  Oakes, 400 F. Supp. 2d at 776-77.  An ALJ abuses his or her discretion by failing to arrange for medical testimony only when there is not substantial evidence in the record to support the decision.  See Woods, 2005 WL 1923554, at *2.

As discussed by Magistrate Judge Rapoport, in the instant case where the medical history records provided adequate

3.   Plaintiff's motion for summary judgment is **DENIED**;

4.   Defendant's motion for summary judgment is **GRANTED**; and

5.   The decision of the Commissioner denying Plaintiff disability benefits is **AFFIRMED**.

**AND IT IS SO ORDERED.**

  S/Eduardo C. Robreno  
**EDUARDO C. ROBRENO, J.**

---

grounds to make a determination, the ALJ did not abuse his discretion by failing to seek a supplemental expert opinion as to equivalence.

Additionally, as pointed out by defendant, Plaintiff's counsel in the instant case made the same argument in each of the three cases cited by the Court above. On each occasion, the argument was rejected.

As to the second objection, the Court finds that Plaintiff's intermittent fatigue as a symptom of HIV infection was properly evaluated by the ALJ under Appendix 1, Part 404, Subpart B, Regulations No. 4. There was substantial evidence on the record to support the ALJ's finding that Plaintiff's fatigue did not rise to the degree necessary to be considered "disabling."